

FILED BY _____ D.C.

OCT 21 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

ALVARO R. TOCORA
   Plaintiff

Vs                                         CASE #:   20cv62138

JEFFERSON CAPITAL SYSTEMS LLC
   Defendant

## COMPLAINT

     Plaintiff, Alvaro R. Tocora, individually, hereby sues Defendant JEFFERSON CAPITAL SYSTEMS LLC and alleges;

### PRELIMINARY STATEMENT

     1. This is an action for damages and injunctive relief brought by Plaintiff against Defendant for damages for violations of the Fair Debt Collection Practices Act (FDCPA) 15USC §1692 et. seq, for damages for violation of the Fair Credit Reporting Act (FCRA) 15USC § 1681b et seq. and for damages for violation of the Florida Consumer Collection Practices Act (FCCPA) FLA STAT §559 (Part VI).

     2. Plaintiff contends that the Collection Company Defendant have violated such laws by attempting to collect an alleged debt

### JURISDICTION AND VENUE

     3. Jurisdiction of this Court arises under 15 U.S.C. §1681p, §1692k (d), Fla. Stat. §47.051, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

     4. Venue is proper pursuant to 28 U.S.C. §1391b and Fla. Stat. §559.77. Venue in this District is proper in that the Plaintiff resides here, the Defendant transacts business here, and the conduct complained of occurred here.

     5. This is an action for damages, which may exceed $7,000.00 dollars.

### PARTIES

     6. Plaintiff, Alvaro R. Tocora, is a natural person and is a resident of the State of Florida.

1

7. Upon information and belief Defendant, JEFFERSON CAPITAL SYSTEMS LLC ("JEFFERSON"), is a debt purchaser and collector as defined by 15 U.S.C. § 1692 a (6), a "furnisher of information" as defined by 15 U.S.C. § 1681s-2 and a "user of information" as defined by 15 U.S.C. § 1681m and is also a for-profit limited liability company with a business address at 16 Mcleland Rd, Saint Cloud, MN 56303. JEFFERSON uses instrumentality of interstate commerce or the mail in a business for the principle purpose of collection of all sorts of debts.

8. All conditions precedent to the bringing of this action has been performed, waived or excused.

## FACTUAL ALLEGATIONS

9. Plaintiff is a natural person allegedly obligated, to pay a debt asserted to be owed or due a creditor.

10. Plaintiff's alleged obligation, owed or due, or asserted to be owed or due a creditor, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

11. Defendant is a furnisher of information governed by the FCRA, 15 U.S.C. § 1681s-2.

12. On June 3, 2020, Plaintiff requested by USPS his consumer credit Report from Experian, Equifax and Trans Union (collectively the "consumer reporting agencies" or the "CRAs").

13. On June 18, 2020 Plaintiff received a copy of his consumer credit report from the CRAs.

14. After review of his Trans Union and Experian credit report Plaintiff discovered that Defendant JEFFERSON was reporting a trade line on a non-existing debt since November 2018.

15. On June 29, 2020, Plaintiff sent a dispute letter to the "CRAs" after finding defendant JEFFERSON and other entities that he was unfamiliar with in the reports.

16. On July 30, 2020 Plaintiff received a response from Trans Union stating that alleged JEFFERSON account was verified and that it was accurate.

17. On July 30, 2020 Plaintiff received a response from Experian updating the alleged JEFFERSON account.

18. On information and belief, each CRA forwarded Plaintiff's disputes to Defendant JEFFERSON through the credit industry's "e-Oscar" system and in response to the dispute,

Defendant JEFFERSON simply responded that it had "verified" that the alleged account belonged to it and was owed by the Plaintiff.

19. On information and belief, Defendant JEFFERSON standard procedure for receiving and processing consumer disputes is to do so entirely by automated response. It does not conduct a substantive investigation. Literally nothing is done to investigate any dispute.

20. Defendant JEFFERSON also knew when it received Plaintiff's dispute that it did not have any ACCOUNT LEVEL DOCUMENTS to support the alleged debt. Defendant JEFFERSON only lawful option was to delete the tradeline.

21. Defendant JEFFERSON had actual knowledge that this is what the FCRA required- a "meaningful searching inquiry" and that Defendant JEFFERSON could not report or "verify" the account tradeline to the CRAs when it lacked ACCOUNT LEVEL DOCUMENTS.

22. Defendant JEFFERSON did not perform a reasonable reinvestigation and knowingly and willfully continued to furnish unverified, derogatory and inaccurate information to the CRAs since July 30, 2020 to the present.

23. Discovery of violations brought forth herein occurred on June 18, 2020, and are within the statute of limitations as defined in F.C.R.A 15 U.S.C. §1681p.

24. On August 7, 2020 Plaintiff sent a Validation letter to defendant JEFFERSON as required by the FDCPA.

25. On or around September 12, 2020, Plaintiff received a letter from JEFFERSON attempting to collect an alleged debt.

26. The letter included a statement that JEFFERSON has purchase the alleged account but fails to informed Plaintiff who was it bought from and failed to clearly state the name of the alleged original creditor.

27. Also, at the bottom of the page the statement, "this communication is an attempt to collect a debt. Any information obtained will be used for that purpose" was included.

28. No validation was provided and the September 12th letter was a violation of the FDCPA 1692 g (b)

29. Furthermore, Defendant JEFFERSON failed to send a 30-day validation Notice within 5 days of reporting alleged trade-line with Trans union and Experian.

30. The 30-day validation Notice was never sent by Defendant JEFFERSON.

31. Defendants regularly use the mail in a business the principal purpose of which is the collection of debts.

32. Plaintiff sent a notice to Defendant JEFFERSON of its violations of the FDCPA, FCCPA and FCRA. This was sent in an effort to mitigate damages and reach a settlement for its violations of Federal and State Law. JEFFERSON ignored Plaintiff's Notice.

## COUNT I
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692 BY Defendant JEFFERSON

33. Plaintiff alleges and incorporates the information in paragraphs 1 through 32.

34. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a (3).

35. The Plaintiff has been the subject of collection activity arising from an alleged and non- existing Consumer debt.

36. Defendant is a debt collector within the meaning of the FDCPA, 15 U.S.C. §1692a (6).

37. Defendant JEFFERSON violated §1692e and §1692e (10), by the use of any false, deceptive or misleading representation or means in connection with the collection of an alleged debt. By falsely representing directly or indirectly, expressly or by implication that it was in possession of the "account level documentation" needed to perform a reasonable investigation after Plaintiff disputed the alleged account with the CRA's.

38. Defendant JEFFERSON reported a tradeline in an attempt to collect an alleged debt knowing that they were not in possession of any "account level documentations" to prove their case. The act of misrepresenting the legal status of an alleged and non-existing debt is a violation of §1692e (2).

39. Defendant JEFFERSON violated §1692e (5), by threatening to take any action that cannot legally be taken or that is not intended to be taken when they reported a tradeline under false pretenses, attempting to collect an alleged and non-existing debt.

40. Defendant JEFFERSON violated §1692e (8) when they threaten or communicate false credit information to the CRA's.

41. Defendant JEFFERSON violated §1692 g, when it failed to send a 30 day validation Notice within 5 days of reporting alleged trade-line with Trans Union and Experian.

42. Defendant JEFFERSON violated §1692 g (b); collector must cease collection efforts until debt is validated. Plaintiff requested validation. Defendant failed to validate and the

September 12th letter was according to the statement at the bottom of the page; "………. an attempt to collect a debt. Any information obtained will be used for that purpose"

43. As a result of this conduct, action and inaction of Defendant, the Plaintiff suffered actual damages including without limitation, by example only: loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

WHEREFORE, Plaintiff demands judgment for damages against Defendant JEFFERSON and actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to FDCPA, 15 U.S.C. §1692k.

## COUNT II

## VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. § 1681s-2(b) BY DEFENDANT JEFFERSON

44. Plaintiff alleges and incorporates the information in paragraphs 1 through 43.

45. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

46. Defendant JEFFERSON is a furnisher of information within the meaning of the FCRA, 15 U.S.C. §1681s-2 and a user of information as defined by 15 USC 1681 m.

47. On one occasion within the two years prior to the filing of this suit, by example only and without limitations, JEFFERSON violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate the Plaintiff's dispute regarding the alleged account, and/or by reporting inaccurately the results of such investigation.

48. As a result of this conduct, action and inaction of JEFFERSON, the Plaintiff suffered actual damages including without limitation, by example only: loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

49. JEFFERSON's conduct, action and inactions were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, JEFFERSON was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

WHEREFORE, Plaintiff demands judgment for damages against Defendant JEFFERSON and $1,000.00 for actual or statutory damages per violation, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT III

## VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA) FLA STAT §559(Part VI) BY DEFENDANT JEFFERSON

50. Plaintiff alleges and incorporates the information in paragraphs 1 through 49.

51. Plaintiff is a consumer within the meaning of §559.55(2).

52. Defendant JEFFERSON is a debt collector within the meaning of §559.55(6).

53. Defendant JEFFERSON violated §559.72(9) by claiming, attempting or threatening to enforce a debt knowing that the debt was not legitimate or by asserting the existence of some other legal right knowing that the right does not exist. Defendant JEFFERSON claimed to have the legal right to collect an alleged and non-existing debt of the Plaintiff when it kept reporting same after Plaintiff's dispute with the CRA's.

WHEREFORE, Plaintiff demands judgment for damages against Defendant JEFFERSON for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to Fla. Stat. §559.77.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted,                                                                 October 21, 2020

*/s/ signature*

Alvaro R. Tocora

370 NW 76 AVE Apt. 207

MARGATE, FL 33063

process1985@outlook.com